Thomas R. Kaufman (SBN 177936)
tkaufman@seyfarth.com
Lorraine H. O'Hara (SBN 170153)
lohara@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3300
Los Angeles, California 90067
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ONYETTE MIKE, PARIS HILL, and MICHAEL WILLIAMS on behalf of themselves and individually and all others similarly stated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER PERMANENTE, KAISER FOUNDATION HEALTH PLAN, INC., aka KAISER FOUNDATION HEALTH PLAN, and DOES 1 through 100, INCLUSIVE<br><br>Defendant(s). | Case No. C 08-05374 PJH<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant Kaiser Foundation Health Plan, Inc. ("KFHP"), for itself and for no other defendant, answers plaintiffs Michelle Onyette Mike's, Paris Hill's, and Michael Williams' ("plaintiffs") First Amended Class Action Complaint ("FAC") as follows:

1.      Answering paragraph 1, KFHP admits that this case purports to be brought under the Fair Labor Standards Act, 28 U.S.C. section 1331. KFHP lacks sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, KFHP denies all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which KFHP is not required to admit or deny).

2. Answering paragraph 2, KFHP admits that it resides in this judicial district. KFHP denies that Kaiser Permanente resides anywhere. KFHP lacks sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, KFHP denies all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which KFHP is not required to admit or deny).

3. Answering paragraph 3, KFHP lacks sufficient information to admit or deny plaintiffs' allegations and, accordingly, KFHP denies all the allegations of this paragraph other than to the extent the paragraph states legal conclusions (which KFHP is not required to admit or deny).

4. Answering paragraph 4, KFHP admits that it does business within the State of California, eight other states within the United States, and the District of Columbia. KFHP also admits that it is engaged in commerce within the meaning of the Fair Labor Standards Act. KFHP denies that Kaiser Permanente conducts business anywhere. KFHP lacks sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, KFHP denies all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which KFHP is not required to admit or deny).

5. Answering paragraph 5, KFHP lacks sufficient information to admit or deny plaintiffs' allegations and, accordingly, KFHP denies all the allegations of this paragraph other than to the extent the paragraph states legal conclusions (which KFHP is not required to admit or deny).

6. Answering paragraph 6, KFHP repeats and re-alleges its responses to each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

7. Answering paragraph 7, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

8. Answering paragraph 8, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

9. Answering paragraph 9, KFHP admits that it employs plaintiffs as Project Manager Is, an exempt position. KFHP denies that plaintiffs' duties and tasks were such that

plaintiffs and class members were entitled to overtime compensation, that it paid plaintiffs significantly less wages than were required by law, and that it failed to provide plaintiffs with meal breaks, rest breaks, or proper wage statements. KFHP lacks sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, KFHP denies all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which KFHP is not required to admit or deny).

10. Answering paragraph 10, KFHP admits plaintiffs' allegations.

11. Answering paragraph 11, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

12. Answering paragraph 12, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

13. Answering paragraph 13, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

14. Answering paragraph 14, KFHP states that plaintiffs are exempt employees. The remaining allegations of this paragraph contain legal conclusions (which KFHP is not required to admit or deny).

15. Answering paragraph 15, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

16. Answering paragraph 16, KFHP denies that it has committed any "unlawful and wrongful conduct, including but not limited to [a] systematic failure to pay overtime wages, [a] systematic failure to provide for rest and meal period breaks, and [a] systematic failure to pay for meal and break periods worked." KFHP also denies that the hours worked by its Project Managers follow a common pattern. The remaining allegations of this paragraph contain only legal conclusions (which KFHP is not required to admit or deny).

17. Answering paragraph 17, KFHP repeats and re-alleges its responses to each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

18. Answering paragraph 18, KFHP states that plaintiffs are exempt employees. KFHP lacks sufficient information to admit or deny plaintiffs' remaining allegations and,

accordingly, KFHP denies all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which KFHP is not required to admit or deny).

19. Answering paragraph 19, KFHP admits that it is engaged in communication, business, and transmission between California, eight other states in the United States, and the District of Columbia. KFHP denies that Kaiser Permanente is engaged in communication, business, and transmission between anyone or anything. The remaining allegations of this paragraph contain only legal conclusions (which KFHP is not required to admit or deny).

20. Answering paragraph 20, KFHP states that plaintiffs are exempt employees. Thus, they are not entitled to overtime pay. KFHP denies that it "willfully failed to compensate Plaintiffs and similarly situated Kaiser employees for overtime hours they worked in excess of forty hours in any work-week, by payment of overtime wages" and that "[a]s a result, Kaiser failed to pay Plaintiffs and similarly situated Kaiser employees earned overtime wages." The remaining allegations of this paragraph contain only legal conclusions (which KFHP is not required to admit or deny).

21. Answering paragraph 21, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

22. Answering paragraph 22, KFHP repeats and re-alleges its responses to each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

23. Answering paragraph 23, KFHP states that plaintiffs are exempt employees. Thus, they are not entitled to overtime pay. KFHP lacks sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, KFHP denies all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which KFHP is not required to admit or deny).

24. Answering paragraph 24, KFHP states that plaintiffs are exempt employees. Thus, they are not entitled to overtime pay. KFHP therefore denies that it "failed to pay Plaintiffs and class members earned overtime wages and failed to provide Plaintiffs and class members itemized statements." The remaining allegations of this paragraph contain only legal conclusions (which KFHP is not required to admit or deny).

25. Answering paragraph 25, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

26. Answering paragraph 26, KFHP repeats and re-alleges its responses to each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

27. Answering paragraph 27, KFHP denies plaintiffs' allegations.

28. Answering paragraph 28, KFHP denies plaintiffs' allegations that it "failed to compensate Plaintiffs and class members for meal periods and rest periods worked as required by law." The remaining allegations of this paragraph contain only legal conclusions (which KFHP is not required to admit or deny).

29. Answering paragraph 29, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

30. Answering paragraph 30, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

31. Answering paragraph 31, KFHP repeats and re-alleges its responses to each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. Answering paragraph 32, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

33. Answering paragraph 33, KFHP denies plaintiffs' allegations that "[a]s a result of its unlawful and/or unfair and/or fraudulent acts, Kaiser has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiffs and the Class." The remaining allegations of this paragraph contain only legal conclusions (which KFHP is not required to admit or deny).

34. Answering paragraph 34, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

35. Answering paragraph 35, KFHP repeats and re-alleges its responses to each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. Answering paragraph 36, KFHP states that this paragraph contains only legal conclusions (which KFHP is not required to admit or deny).

37. Answering paragraph 37, KFHP admits that plaintiffs provided it with written notice on December 16, 2008 of the alleged California Labor Code violations. KFHP lacks sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, KFHP denies all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which KFHP is not required to admit or deny).

## DENIAL OF PRAYER FOR RELIEF

KFHP expressly denies that plaintiffs are entitled to any relief, including but not limited to the relief sought by plaintiffs in their FAC. KFHP generally denies any allegation of plaintiffs' FAC not specifically admitted above.

## ADDITIONAL DEFENSES

In further answer to plaintiffs' FAC, and as separate and distinct defenses to the purported causes of action set forth in the FAC, KFHP alleges the following additional defenses. In asserting these defenses, KFHP does not assume the burden of proof as to matters that, pursuant to law, are plaintiffs' burden to prove.

## FIRST DEFENSE

1. As to plaintiffs' FAC, or any purported cause of action therein alleged, plaintiffs fail to state facts sufficient to constitute claims upon which relief can be granted against KFHP.

## SECOND DEFENSE

2. Plaintiffs' claims, in whole or in part, are barred by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure sections 338, 339 and 340, California Business & Professions Code section 17208 and 29 U.S.C. section 255(a).

## THIRD DEFENSE

3. Plaintiffs, by their conduct, are estopped to assert any cause of action against KFHP.

## FOURTH DEFENSE

4. Plaintiffs' FAC, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

### FIFTH DEFENSE

5. Plaintiffs' FAC, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### SIXTH DEFENSE

6. To the extent that Plaintiffs have delayed inexcusably and unreasonably in the filing of this action, causing substantial prejudice to KFHP, plaintiffs' claims are barred by the equitable doctrine of laches.

### SEVENTH DEFENSE

7. Plaintiffs' FAC is barred because KFHP's failure to pay overtime was not unlawful, unfair or fraudulent. At all times relevant and material herein, the parties to this action were exempt from the overtime compensation requirements of the California Labor Code and the Industrial Welfare Commission Wage Order because the putative class members were employed in an administrative, executive or professional capacity within the meaning of the applicable wage order.

### EIGHTH DEFENSE

8. Plaintiffs are not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, KFHP did not willfully fail to comply with the compensation provisions of the California Labor Code sections 200, et seq., but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code sections 200, et seq.

### NINTH DEFENSE

9. Defendant Kaiser Permanente cannot be held liable for any of the claims asserted in the FAC because, being a trade name rather than an actual entity, it never employed plaintiffs nor any of the putative class members.

### TENTH DEFENSE

10. Plaintiffs' claims for penalties and damages arising out of alleged meal period violations are barred because KFHP provided the opportunity to plaintiffs to take timely meal

1  breaks, and KFHP is not liable for unpaid wages, damages or penalties, or otherwise responsible,
2  when plaintiffs voluntarily elected not to use the meal period opportunities provided to them.

**ELEVENTH DEFENSE**

4  11.  Plaintiffs' claims for penalties and damages arising out of alleged rest period
5  violations are barred because KFHP provided the opportunity to plaintiffs to take timely rest
6  breaks, and KFHP is not liable for unpaid wages, damages or penalties, or otherwise responsible,
7  when plaintiffs voluntarily elected not to use the rest period opportunities provided to them.

**TWELFTH DEFENSE**

9  12.  Plaintiffs' claims are barred, in whole or in part, because plaintiffs are not entitled
10 to any penalty award under section 226 of the California Labor Code since, at all times relevant
11 and material herein, KFHP did not knowingly and intentionally fail to comply with this code
12 section, but rather acted in good faith and had reasonable grounds for believing that it did not
13 violate the provisions of the California Labor Code or the applicable wage orders.

**THIRTEENTH DEFENSE**

15 13.  Plaintiffs' claims for injunctive relief are barred because plaintiffs have an
16 adequate and complete remedy at law and/or plaintiffs cannot make the requisite showing to
17 obtain injunctive relief in a labor dispute under California Labor Code sections 1138.1, et seq.

**FOURTEENTH DEFENSE**

19 14.  Plaintiffs are former employees and lack standing to seek injunctive relief, and
20 civil penalties or damages under relevant portions of the California Labor Code, including but
21 not limited to, section 558 and California Business and Professions Code section 17200 et seq.
22 because, inter alia, plaintiffs have not suffered any injury in fact or lost money or property as a
23 result of any unfair competition, and/or no penalties are available under the statutes plaintiffs sue
24 upon and/or plaintiffs are no longer employed by KFHP and have an adequate remedy at law.

**FIFTEENTH DEFENSE**

26 14.  Plaintiffs claims for penalties violate KFHP's rights under the federal and state
27 constitutions in that they amount to an excessive fine and their imposition would constitute a
28 denial of due process.

**SIXTEENTH DEFENSE**

14. Plaintiffs are not entitled to proceed as a class under the Unfair Competition Law, California Business & Professions Code section 17200, et seq., because they cannot satisfy the standing requirements of the statute that each putative class member experienced a loss of money or property as a result of an unlawful practice.

**PRAYER**

WHEREFORE, KFHP prays for judgment as follows:

1. That plaintiffs take nothing by their unverified FAC;
2. That plaintiffs' request for an order certifying a proposed class is denied;
3. That judgment be entered in favor of KFHP and against plaintiffs on all causes of action;
4. That KFHP be awarded reasonable attorneys' fees according to proof;
5. That KFHP be awarded the costs of suit incurred herein; and
6. That KFHP be awarded such other and further relief as the Court may deem appropriate.

DATED: February 20, 2009        SEYFARTH SHAW LLP


                                By: /s/ Thomas R. Kaufman
                                        Thomas R. Kaufman
                                Attorneys for Defendant
                                KAISER FOUNDATION HEALTH PLAN, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF LOS ANGELES   )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3300, Los Angeles, CA 90067-3063. On February 20, 2009 I served the within documents:

**ANSWER TO FIRST AMENDED COMPLAINT**

☐ I sent such document from facsimile machine (310) 201-5219 on _____. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Daniel H. Qualls, Esq.
Qualls & Workman, LLP
244 California Street, Suite 410
San Franciso, CA 94111
Tel: (415) 782-3660
Fax: (415) 788-1028

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on February 20, 2009, at Los Angeles, California.

*/s/ Jodi Snyder*
Jodi Snyder

LA1 6772051.1