Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
Aviva N. Roller, Bar No. 245415
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

*Attorneys for Plaintiffs*

Thomas R. Kaufman, Bar No. 177936
tkaufman@seyfarth.com
Lorraine H. O'Hara, Bar No. 170153
lohara@seyfarth.com
Mariana Aguilar, Bar No. 208726
maguilar@seyfarth.com
**SEYFARTH SHAW, LLP**
2029 Century Park East, Suite 3300
Los Angeles, CA 90067
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
*Kaiser Foundation Health Plan, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ONYETTE MIKE, PARIS HILL, and MICHAEL WILLIAMS on behalf of themselves individually and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KAISER PERMANENTE, KAISER FOUNDATION HEALTH PLAN, INC., aka KAISER FOUNDATION HEALTH PLAN, and DOES 1 through 50, INCLUSIVE<br><br>Defendant(s) | No. C 08-5374 PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:    4/2/09<br>TIME:    2:30 pm<br>CTRM:  3, 17th Floor |

JOINT CMC STATEMENT                                     3169\PLEADINGS\JOINTCMCSTATEMENT.DOC

1. **Jurisdiction and Service**:

This Court has jurisdiction to hear this action pursuant to 28 U.S.C. section 1331 because this action arises under laws of the United States; specifically, the Fair Labor Standards Act, 29 U.S.C. § 219, et. seq. In addition, because the claims stated herein arise from the same or substantially similar facts and circumstances and derive from a common nucleus of operative facts, the Court has pendant jurisdiction to hear all claims presented or to be presented in this action pursuant to 28 U.S.C. section 1367.

The claims involved in this action arose in the Northern District of California, in that a significant part of events described herein occurred in this judicial district and Defendant, Kaiser Foundation Health Plan, Inc., a corporation, resides in this judicial district. The parties determined that Kaiser Foundation Health Plan, Inc. is the proper defendant. Venue is accordingly proper in this Court pursuant to 28 U.S.C. section 1391.

2. **Facts**:

This is a misclassification case. Kaiser classified the Project Managers I and II who worked on its HealthConnect Project as exempt. Plaintiffs assert that this classification was incorrect and seek compensation for overtime hours worked and rest and meal periods missed.

Plaintiffs bring this action in their individual capacity, and on behalf of all others similarly situated. Plaintiffs are current and former employees of Kaiser in California as Project Managers I and II ("PMs"). Plaintiffs worked for Kaiser in California providing assistance to Kaiser personnel and other tasks in connection with Kaiser's HealthConnect program. Plaintiffs contend that PMs' duties and tasks performed by Plaintiffs, and all others similarly situated, were such that Plaintiffs and class members were non-exempt employees and entitled to overtime compensation. As a result, Defendants paid Plaintiffs wages significantly less than required by law. In addition, Plaintiffs also contend Defendants failed to provide Plaintiffs, and all other similarly situated Kaiser California employees, with off-duty rest and meal period breaks, and failed to provide Plaintiffs, and all other similarly situated California employees with accurate statements of wages.

Plaintiffs contend that because Plaintiffs and the members of the Class have all similarly suffered irreparable harm and damages as a result of Kaiser's unlawful and wrongful conduct,

including but not limited to Kaiser's systematic failure to pay overtime wages, systematic failure to provide for rest and meal period breaks, and systematic failure to pay for meal and break periods worked class treatment is especially appropriate. Plaintiffs also contend that because the hours worked by Kaiser employees and class members follow common patterns, this action will provide substantial benefits to both the Class and Kaiser and that absent this action, Kaiser's unlawful conduct will continue unremedied and uncorrected.

Defendant contends that its classification decision was correct and Plaintiffs are therefore not entitled to any recovery. Defendant also contends that it provided meal and rest breaks to Plaintiffs as required by law. Defendant further contends that class treatment is not appropriate.

3. **Legal Issues**:

This action alleges that Kaiser failed to pay non-exempt employees overtime wages in violation of the Fair Labor Standards Act of 1947 (FLSA) and applicable implementing regulations. Plaintiffs also seek overtime compensation pursuant to California Labor Code section 1194 and for rest and meal period violations pursuant to California Labor Code section 226.7, 512 and applicable IWC Wage Orders. Plaintiffs also seek recovery of penalties under California Labor Code section 2698, et seq., the California Private Attorney General Act ("PAGA").

Defendants contend that the administrative and/or executive exemptions apply and that the Plaintiffs are therefore exempt and not entitled to overtime compensation under either the FLSA or the California Labor Code. Defendants also contend that they both provided and made available rest and meal periods to the Plaintiffs. As such, Defendant contends that there is no basis for any liability under either the underlying statutes or PAGA.

4. **Motions**:

No motions are pending at this time. The parties scheduled a mediation to occur on July 9, 2009, before David Rotman. The parties agreed to exchange discovery to facilitate the mediation. If this is unsuccessful, the parties will, in all likelihood, need to conduct further discovery before either bringing or opposing a motion for class certification. The parties request that the Court set a further CMC in July of 2009 so that the parties can report to the Court the results of the mediation

and plan how best to proceed. The parties respectfully request that the Court not set a class certification schedule at this time and only do so, at a later CMC, if mediation is unsuccessful.

If the Court is inclined to set class certification dates at this time, the parties anticipate being able to conduct the necessary discovery to allow the Plaintiffs to file a motion for class certification on November 30, 2009. Defendants would then file their opposition brief on January 19, 2010. Plaintiffs would file any reply brief by February 10, 2010. The parties agree to a hearing date on February 23, 2010, if this comports with the Court's calendar.

5. **Amendment of Pleadings**:

Plaintiffs do not anticipate any further amendments to the pleadings.

6. **Evidence Preservation**:

The parties have agreed to meet and confer on these issues.

7. **Disclosures:**

The parties stipulated to comply with the initial disclosure requirements by April 13, 2009.

8. **Discovery**: As stated, the parties have scheduled a mediation with David Rotman on July 9, 2009 to attempt to resolve this case. To achieve this goal, and to reduce the amount of fees and costs incurred by both parties pre-mediation, the parties discussed the type of evidence necessary to allow each side to make informed decisions at the mediation and agreed to exchange this information. To further assist the exchange of information, Plaintiffs served initial sets of Interrogatories and Inspection Demands on March 16, 2009, which have now been taken off-calendar based on the parties' agreement to proceed informally.

9. **Class Actions**:

The Class is sufficiently numerous, since it is estimated to include several hundred or more Kaiser employees geographically dispersed, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court.

Plaintiffs contend there is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the

Class predominate over questions that may affect individual class members, including but not limited to the following:

(a) Whether Kaiser implemented and engaged in a systematic practice whereby it unlawfully failed to pay overtime;

(b) Whether Kaiser implemented and engaged in a systematic practice whereby it failed to provide accurate wage statements to California employees;

(c) Whether Kaiser implemented and engaged in a systematic practice whereby it failed to pay employees for either meal breaks and/or rest breaks worked as required by law;

(d) Whether the systematic acts and practices of Kaiser as alleged herein violated, inter alia, applicable provisions of the California Labor Code, including but not limited to, sections 226, 226.7, 510, 512, 515.5, 1194, 1198 and 2698, and applicable Industrial Welfare Commission Orders, and California Business & Professions Code § 17200, et seq.

Because Plaintiffs worked overtime on a daily and weekly basis, were routinely required to work through both meal and rest breaks on a daily basis, for which Plaintiffs were not properly compensated, and failed to receive timely and accurate wage statements, Plaintiffs also contend that they are asserting claims that are typical of the claims of the Class.

Defendant contends that this matter is not appropriate for class treatment.

10. **Related Cases**:

The parties are not aware of any related cases.

11. **Relief**: Plaintiffs seek relief for overtime compensation owed, for the failure to pay additional compensation for missed meal and rest breaks, for the failure to provide compliant wage statements and for penalties arising from these failures. Once Plaintiffs obtain the information they seek from Defendant, i.e., number of individuals in the class, rate of pay and periods of employment, Plaintiffs will be able to calculate the damages sought through this action. In addition to monetary damages, Plaintiffs pray for judgment and relief as follows:

a) An order that the action may proceed as a collective action under Section 216(b) of the FLSA;

| | | |
|---|---|---|
| | b) | For liquidated damages as appropriate and available due to Kaiser's willful failure to pay wages due; |
| | c) | Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294; |
| | d) | An order enjoining Kaiser from pursuing the policies, acts, and practices complained of herein; |
| | e) | Reasonable attorneys' fees pursuant to the Fair Labor Standards Act of 1947 and California Labor Code § 1194; |
| | f) | Costs of this suit; |
| | g) | Pre- and post-judgment interest; and, |
| | h) | Such other and further relief as the Court deems just and proper. |

12. **Settlement and ADR**: The parties agree to proceed to mediation. This Court approved this selection in its 3/20/09 Order.

13. **Consent to Magistrate Judge For All Purposes**:

Defendant Kaiser objected to the use of a Magistrate Judge for these proceedings.

14. **Other References**:

This case is not appropriate for either binding arbitration or MDL proceedings.

15. **Narrowing of Issues**:

At this point, it does not appear that the parties can narrow any issues. The parties are hopeful, however, that they will be able to do so and that these efforts will result in a successful mediation.

16. **Expedited Schedule**:

This case does not seem appropriate for an expedited schedule.

17. **Scheduling**:

As the parties indicate above, the parties plan to mediate this case on July 9, 2009. The parties request that the Court set a further CMC in July of 2009, so that the parties can report to the Court the results of the mediation and a plan how best to proceed. The parties respectfully request that the Court not set any other future dates at this time.

If the mediation is successful, the parties will endeavor to present the Court with a motion for preliminary approval by September of 2009. Depending on when or if the Court grants the motion for preliminary approval, the parties would work to expeditiously file a motion for final approval. The hope would be to have a hearing on final approval by December of 2009. Given the intervening mediation and necessity of a motion for certification, the parties are unsure as to when to set a trial date.

18. **Trial**: The parties anticipate that this will be a jury trial. Until Plaintiffs learn the class size, however, they are unable to estimate the length of the trial.

19. **Disclosure of Non-party Interested Entities or Persons**: Defendant filed the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

Plaintiffs are unaware of any Non-Party Interested Entities or Persons.

20. The parties are unaware of any other matters that would facilitate the just, speedy and inexpensive disposition of this matter other than that set forth above.

DATE: March 26, 2009

QUALLS & WORKMAN, L.L.P.

By: Robin G. Workman
Attorneys for Plaintiffs

DATE: March 26, 2009

SEYFARTH SHAW, LLP

By: 
Lorraine O'Hara
Attorneys for Defendant Kaiser
Foundation Health Plan, Inc.

If the mediation is successful, the parties will endeavor to present the Court with a motion for preliminary approval by September of 2009. Depending on when or if the Court grants the motion for preliminary approval, the parties would work to expeditiously file a motion for final approval. The hope would be to have a hearing on final approval by December of 2009. Given the intervening mediation and necessity of a motion for certification, the parties are unsure as to when to set a trial date.

18. **Trial**: The parties anticipate that this will be a jury trial. Until Plaintiffs learn the class size, however, they are unable to estimate the length of the trial.

19. **Disclosure of Non-party Interested Entities or Persons**: Defendant filed the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

Plaintiffs are unaware of any Non-Party Interested Entities or Persons.

20. The parties are unaware of any other matters that would facilitate the just, speedy and inexpensive disposition of this matter other than that set forth above.

DATE: March 26, 2009                           QUALLS & WORKMAN, L.L.P.


By: _____
    Robin G. Workman
    Attorneys for Plaintiffs


DATE: March 26, 2009                           SEYFARTH SHAW, LLP


By: _____
    Lorraine O'Hara
    Attorneys for Defendant Kaiser
    Foundation Health Plan, Inc.